FREDRIC H. MITCHELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
MITCHELL v. COMMISSIONER
Docket No. 30928-87
United States Tax Court
T.C. Memo 1990-1; 1990 Tax Ct. Memo LEXIS 1; 58 T.C.M. (CCH) 1106; T.C.M. (RIA) 90001; January 2, 1990; As corrected January 11, 1990 Fredric H. Mitchell, pro se. Dennis C. Driscoll, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: On June 17, 1987, respondent mailed a notice of deficiency to petitioner at 3895 Motorway, Pontiac, Michigan 48054, in which respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax under Sections
Year
Deficiency
6651(a) [1]
6653(a)(1)
6653(a)(2)
6654(a)
6661
1981
$ 8,857.00
$ 2,214.25
$ 442.85 * $ 677.67
N/A
1982
9,036.00
1,918.00
451.80 **
712.03
$ 2,259.00
*3 The only issue for decision is whether respondent's notice of deficiency dated June 17, 1987, was superseded, or lost its usual presumption of correctness, by Forms 8488 subsequently issued by respondent which incorrectly informed petitioner that an examination of his tax returns for 1981 and 1982 revealed that no income tax was due from petitioner for 1981 and that a refund of $ 871.64 was due to petitioner for 1982. Since the issue is primarily factual we have combined our findings of fact and opinion. Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Petitioner resided at 3895 Motorway, Pontiac, Michigan, at the time the notice of deficiency dated June 17, 1987 was mailed and at the time his petition was filed herein. During 1981 petitioner received gross income as follows: *4 Source
Amount
Blue Water Electric
$    619.00
Electrical Benefit Fund
1,500.00
Bayview Electric
12,800.00
Lastar Electric
11,676.00
Michigan Employment Security
2,608.00
Total
$ 29,203.00
During 1982 he received gross income as follows: Source
Amount
Bayview Electric
$ 16,529.00
Lastar Electric
3,560.00
R.K. Hydon Co.
4,380.00
Bechtel Power
5,780.00
Michigan Employment Security
788.00
Supp. Unemployment Benefits
350.00
Standard Fed. Savings
11.00
Total
$ 31,398.00
Despite the receipt of the gross incomes set out above petitioner did not file income tax returns for 1981 and 1982. On May 17, 1984, respondent mailed a notice of deficiency to petitioner for 1981. On December 3, 1984, he mailed a notice of deficiency to petitioner for 1982. Both of these notices were addressed to petitioner at 306 South Ely, Northville, Michigan 48167, and both notices were returned to respondent marked "Not deliverable as addressed." On November 12, 1984 and May 13, 1985, respectively, respondent assessed the deficiencies set forth in the separate notices of May 17, 1984 and December 3, 1984, since no petition *5 had been filed in this Court with respect to such notices. However, in subsequent collection activity with respect to these assessments respondent became aware that the notices of deficiency dated May 17, 1984 and December 3, 1984 had been erroneously addressed. Upon learning of this error, respondent mailed to petitioner the notice of deficiency dated June 17, 1987, from which petitioner timely filed his petition herein on September 14, 1987. On the same date that the petition was filed, September 14, 1987, respondent abated the previous assessments for 1981 and 1982 and mailed to petitioner a Form 8488 for each year. The use by respondent of the Forms 8488 in this instance was admittedly incorrect because a Form 8488 is a document designed for use by respondent to inform a taxpayer of the results reflected by an examination of the taxpayer's return. In this case the Form 8488 for 1981 incorrectly informed petitioner that his return for 1981 had been examined and that he did not owe any income tax for that year. The Form 8488 for 1982 incorrectly informed him that his 1982 return had been examined and he was due a refund for that year. To further compound his errors respondent *6 subsequently mailed to petitioner a refund check in a relatively small amount for 1982. Nevertheless, in spite of respondent's errors petitioner knew that he had not filed returns for 1981 and 1982. Consequently, he knew that no such returns could have been examined and therefore he knew that the Forms 8488 were erroneous. Furthermore, prior to the trial of this matter petitioner was admittedly informed by one of respondent's appeals officers that the Forms 8488 represented abatements of the amounts previously assessed against him for 1981 and 1982 and did not result from an examination of his accounts for those years and did not constitute determinations of his correct tax liability for 1981 and 1982. Prior to trial petitioner filed a document entitled "Motion to Dismiss The Notice of Deficiency" which was treated and denied as a Motion For Partial Summary Judgment that the deficiency notice of June 17, 1984 was rendered invalid by the Forms 8488. As we understand it, petitioner now contends that the deficiency notice was superseded by the Forms 8488 because such forms constituted determinations by respondent that he had no deficiency in income tax for 1981 and that he overpaid *7 his income tax for 1982. That contention represents petitioner's entire case, since no other evidence was offered to refute the validity of the deficiencies determined by respondent. The procedure which respondent must follow in order to inform a taxpayer that a deficiency has been determined in the taxpayer's income tax is set out in section 6212. [2] In section 6212(a) respondent is authorized to send notice of the determination of such deficiency to the taxpayer by certified or registered mail. Under section 6212(b) the notice is sufficient if mailed to the taxpayer at his last known address. *8 Where respondent determines a deficiency in a taxpayer's income tax for a certain taxable year and mails a deficiency notice to the taxpayer pursuant to section 6212(a) and (b) and the taxpayer timely files a petition in this Court, respondent is prohibited by section 6212(c) from making any additional deficiency determination for the same taxable year. Furthermore, the assessment or collection of a deficiency for the same year is prohibited under section 6213(a) until our decision in the case becomes final where as here none of the exceptions set forth in section 6213(b) are applicable. Where, as in this case, respondent mails a notice of deficiency to the taxpayer and no petition is filed in this Court within the applicable period, respondent is authorized to assess the determined deficiency. However, if as is also present in this case, respondent subsequently concludes that the notice of deficiency was incorrectly addressed and therefore the assessment is or may be invalid, respondent is not prohibited from abating the assessment and mailing a new notice of deficiency provided the applicable statute of limitations has not expired. Furthermore, if as here, a timely petition *9 is filed by the taxpayer with respect to the new notice, the jurisdiction of this Court is invoked for a redetermination of the taxpayer's correct tax liability. Therefore, the abatement of the previous assessment does not constitute a final determination of petitioner's liability and does not deprive this Court of jurisdiction to decide the controversy. See . Nor does the unilateral abatement by respondent of the previous assessments constitute binding agreements which estop respondent from proceeding further with regard to the same taxable years. , affd. ; . Furthermore, to whatever extent the Forms 8488 were incorrect and misleading, petitioner has failed to demonstrate any reliance to his detriment upon the incorrect information. Such detriment is a necessary element of equitable estoppel. . Petitioner's argument that the presumption of *10 correctness which attaches to a notice of deficiency must also apply to the Forms 8488 is clearly groundless, because the only determination of respondent that is presumed to be correct is one contained in a notice of deficiency. It is true that no particular form is required for a notice of deficiency ( and that the purpose of the notice is only to advise the taxpayer that the Commissioner means to assess a deficiency against him and "anything that does this unequivocally is good enough." . We are satisfied, however, that under the circumstances involved in this case petitioner could not have reasonably believed that the Forms 8488 constituted unequivocable notice that respondent had determined that he owed no income tax for 1981 and was due a refund for 1982. We conclude, therefore, that the notice of deficiency dated June 17, 1987, is a valid notice by respondent advising petitioner of respondent's determinations with respect to his income tax liability for 1981 and 1982, and that such determinations are entitled to their usual presumption of correctness. *11 Since petitioner has relied solely upon respondent's mistake in issuing the Forms 8488 which incorrectly indicated that petitioner owed no income taxes for the years in question, and since the information contained in the Forms 8488 is at most an evidentiary admission which, standing alone, is not sufficient to rebut the presumption in favor of respondent's determinations, we also conclude that petitioner has failed to carry his burden of proving that in the notice dated June 17, 1987 respondent incorrectly determined the deficiencies in and the additions to petitioner's income tax for 1981 and 1982. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, for the years 1981 and 1982, and all rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise provided. * 50% of the interest due on $ 8,857.00. ** 50% of the interest due on $ 7,672.00.↩
2. Section 6212 as in effect during 1981 and 1982 reads in pertinent part as follows: SEC. 6212. NOTICE OF DEFICIENCY. (a) IN GENERAL. -- If [respondent] determines that there is a deficiency in respect of any tax * * * he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. (b) ADDRESS FOR NOTICE OF DEFICIENCY. -- (1) INCOME AND GIFT TAXES AND CERTAIN EXCISE TAXES. -- * * * notice of a deficiency in respect of a tax * * * if mailed to the taxpayer at his last known address, shall be sufficient * * * even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence. [Emphasis supplied.] * * * (c) FURTHER DEFICIENCY LETTERS RESTRICTED. -- (1) GENERAL RULE. -- If [respondent] has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), [respondent] shall have no right to determine any additional deficiency of income tax for the same taxable year * * * except in the case of fraud, and except as provided in section 6214(a) (relating to assertion of greater deficiencies before the Tax Court), in section 6213(b)(1) (relating to mathematical or clerical errors), in section 6851 (relating to termination assessments), or in section 6861(c) (relating to the making of jeopardy assessments).↩